FILED

UNITED STATES DISTRICT COURT  2015 NOV 23  PM 4: 02
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

FLIGHTDOCS, INC., a Florida Corporation,

    *Plaintiff,*

v.

TEXTRON, INC., a Florida Foreign Profit Corporation,

and

THE CESSNA AIRCRAFT COMPANY, a Kansas Corporation.

    *Defendants.*

Case No. _____

2:15-CV-726-FtM-99MRM

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(INJUNCTIVE RELIEF SOUGHT)**

    Plaintiff FLIGHTDOCS, INC. ("Plaintiff" or "FlightDocs") brings this Complaint to enjoin the unauthorized use of its FLIGHTDOCS trademark (the "FLIGHTDOCS Mark"). Plaintiff also seeks to recover damages and attorneys' fees caused by Defendants' Textron, Inc. and The Cessna Aircraft Company ("Defendants") unauthorized use of the FLIGHTDOCS Mark. Since 2003, Plaintiff has invested significant resources in developing the FLIGHTDOCS Mark as a brand name for its aviation related software products. Defendants now are improperly capitalizing on the goodwill Plaintiff established by marketing its own aviation related software product under the name "FLIGHT DOCS." Defendants' conduct constitutes a false designation of origin and common law trademark

8030672.1

infringement in violation of Federal and Florida state law. Accordingly, Plaintiff sues Defendants and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. FlightDocs is a Florida corporation with its principal place of business at 9250 Corkscrew Road, Estero, Lee County, Florida 33928.

2. Upon information and belief, Defendant Textron, Inc. ("Textron") is a Delaware corporation with its corporate headquarters located at 40 Westminster St., Providence, Rhode Island 02903. Textron is a registered Foreign Profit Corporation in the State of Florida, and maintains a registered agent in the State of Florida at CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

3. Upon information and belief, Defendant The Cessna Aircraft Company ("Cessna") is a Kansas corporation with its principal place of business located at 1 Cessna Boulevard, Wichita, Kansas 67215. Cessna is a wholly owned subsidiary of Defendant Textron.

4. This is an action arising under the trademark laws of the United States and the State of Florida. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (any act of Congress relating to copyrights, patents, and trademarks), 15 U.S.C. §§ 1121 and 1125 (the Lanham Act), and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims).

5. This Court has personal jurisdiction over Defendants in that, upon information and belief, Defendants actively and routinely solicit and engage in business with Florida persons and businesses (including via the Defendants' internet websites located at

www.textron.com and www.cessna.txtav.com), Defendants own and operate offices and facilities in the Middle District of Florida, Defendants have entered into contracts with Middle District businesses related to their aviation products and services, and Defendants have caused actual confusion among Middle District businesses and consumers by adopting and making unauthorized use of the FLIGHTDOCS Mark. Defendants' actions as alleged in this Complaint have caused and continue to cause tortious injury to Plaintiff based on activities occurring within the State of Florida and within the Middle District.

6. Venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(b) and (c) because the events or omissions giving rise to the claims are occurring here, and the Defendants regularly conduct business in this District.

## FACTUAL ALLEGATIONS AND BACKGROUND

### Plaintiff FlightDocs Business

7. Since 2003, FlightDocs has offered its industry leading aviation computer software products and support services, throughout the United States and internationally.

8. FlightDocs provides a full-service maintenance tracking software solution for aircraft operators that organizes and manages data related to an operator's entire fleet of aircraft. The core of the software system is an information center, which provides FlightDocs clients with instant access to, at a minimum, their aircraft maintenance records, including a maintenance due list, tracking tools, electronic logbooks, work orders, inventory, and budgetary tools.

9. FlightDocs offers its aircraft operator maintenance tracking software by way of web-based solutions and a mobile device (tablet) software application.

## Plaintiff's Trademarks

10.     Plaintiff first used the FLIGHTDOCS Mark on its aviation related computer software products and support services on September 15, 2003. Since that date, Plaintiff has made continuous and exclusive use of the FLIGHTDOCS Mark, throughout the United States and internationally.

11.     Plaintiff purchased the uniform resource locator www.flightdocs.com (the "FlightDocs Domain Name") in April of 2003. Plaintiff has made continuous use of the FlightDocs Domain Name since 2003 in association with the marketing and sales of its FLIGHTDOCS aviation related computer software products and support services.

12.     On May 2, 2004, Frederick W. Heine ("Heine"), FlightDocs' President, filed a federal trademark application on the FLIGHTDOCS Mark (design plus words) (Class 9) in association with "[c]omputer software with an intuitive interface feature that allows aircraft mechanics and authorized personnel to access real time maintenance and related data." The FLIGHTDOCS Mark was granted a Principal Register trademark registration, U.S. Trademark Reg. No. 3,190,918 ("Registration '918"), on January 2, 2007. Registration 918 was cancelled on August 9, 2013 for failure to file renewal papers. A true and correct copy of the, now cancelled, Certificate of Registration for Registration '918 is attached hereto as **Exhibit 1**. Cancellation of Registration '918 was due to an administrative oversight that resulted in Section 8 renewal papers not being filed; however, FlightDocs has continuously used the FLIGHTDOCS Mark in commerce since September 2003.

13.     On June 15, 2015, Heine filed a federal trademark application, U.S. Trademark Ser. No. 86/662,476 ("Application '476"), for the FLIGHTDOCS Mark (design

plus words) (Class 9) in association with "[c]omputer application software for mobile devices and tablets, namely, software for tracking aircraft maintenance." Application '476 is currently pending. A true and correct copy of Application '476 is attached hereto as **Exhibit 2**.

14. On October 16, 2015, FlightDocs filed a federal trademark application, U.S. Trademark Ser. No. 86/790,0916 ("Application '916"), on the FLIGHTDOCS Mark (standard character mark) (Class 9) in association with "[c]omputer application software for mobile devices and tablets, namely, software for tracking and managing aircraft maintenance and inventory; computer software for tracking and managing aircraft maintenance and inventory; computer software that provides web-based access to applications and services through a web operating system or portal for tracking and managing aircraft maintenance and inventory." Application '916 is currently pending. A true and correct copy of Application '916 is attached hereto as **Exhibit 3**.

15. On November 9, 2015, Plaintiff registered its FLIGHTDOCS Mark in Florida. Florida Trademark Registration No. T15000001173 for the FLIGHTDOCS Mark was duly and lawfully registered. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 4**.

16. Plaintiff offers its aviation related computer software application for download on, *inter alia*, the Apple iTunes Store (https://itunes.apple.com/us/app/flightdocs/id463700484?mt=8).

17. By virtue of its longstanding and continuous use of the FLIGHTDOCS Mark, FlightDocs is the owner of all right, title, and interest in the FLIGHTDOCS Mark in the

United States in association with aviation related software products and support services, and the goods listed in Applications '476 and '916.

18. Plaintiff has expended substantial sums of money and time in the development, advertising, and promotion of its aviation related software under the FLIGHTDOCS Mark. As a result, the FLIGHTDOCS Mark has acquired considerable value (well in excess of $75,000), achieved substantial recognition and goodwill within the aviation and software industries, come to be recognized and relied upon as originating exclusively with FlightDocs (either because of its inherently distinctive nature or because it has acquired distinctiveness), and become regarded as a product of a very high quality.

**Defendants' Infringement Of Plaintiff's Trademarks**

19. On information and belief, Defendant Textron is a multi-industry company with numerous subsidiaries and operating divisions that are responsible for the day-to-day operation of its businesses.

20. On information and belief, Textron Aviation is an operating division, or subsidiary, of Defendant Textron that is "the leading general aviation authority and home to the iconic Beechcraft, Cessna and Hawker brands, which account for more than half of all general aviation aircraft flying."

21. On information and belief, Defendant Cessna is a subsidiary of Defendant Textron that manufactures and sells, at least, light and midsize business jets and aircrafts.

22. On information and belief, Defendant Textron owns or operates SkyBOOKS, Inc. ("SkyBOOKS"), a major competitor of FlightDocs in the aviation related software product and support services field.

23. On information and belief, on or about April 30, 2015, Defendant Textron began offering an aviation related computer software application for mobile devices and tablets under the name "FLIGHT DOCS."

24. On information and belief, Textron's FLIGHT DOCS software application for mobile devices and tablets is currently available for download on, *inter alia*, the Apple iTunes Store (www.itunes.apple.com/us/app/flight-docs-cessna/id987039437?mt=8) and C-Net (www.download.cnet.com).

25. On information and belief, Textron's FLIGHT DOCS software application for mobile devices advertises that "Cessna's Mobile Flight Document Viewer allows users to access the latest Flight Manual, Checklist, and Operating Manual available for their aircraft. Checklists are configuration code specific (based on user input) and include hyperlinks within the document to procedures and content including recently released Temporary Changes. Flight manuals and Operating manuals boast a linked contents page that allows easy navigation throughout the manual."

26. On information and belief, Textron's FLIGHT DOCS software application currently works in association with Cessna's Citation series of aircraft, but all other models of aircraft are also in development for support from the Textron FLIGHT DOCS software application.

27. On information and belief, version 2.0 of Textron and Cessna's FLIGHT DOCS aviation related software application for mobile devices and tablets became available for download on or about September 22, 2015.

28. By virtue of Plaintiff's earlier use of the FLIGHTDOCS Mark and sales of the FLIGHTDOCS products throughout the United States, it possesses common law trademark rights in the FLIGHTDOCS Mark that are superior to any rights Defendants might assert in association with their FLIGHT DOCS aviation related computer software application.

29. Defendants have not requested, nor been granted, permission to use Plaintiff's FLIGHTDOCS Mark in association with aviation related computer software applications.

30. On information and belief, prior to launching their FLIGHT DOCS aviation related software application for mobile devices and tablets, Defendants had actual notice of FlightDocs' use and ownership of the FLIGHTDOCS Mark due to Textron's ownership of SkyBOOKS, a major competitor of FlightDocs in the aviation related software product field.

31. On information and belief, Defendants had constructive notice of Plaintiff's trademark rights in the FLIGHTDOCS Mark by virtue of its published Federal Registration '918.

32. On information and belief, Defendants clearly would have had actual notice of Plaintiff's business if they had conducted even a cursory Internet search for the FLIGHTDOCS Mark, which would have revealed the FlightDocs Website, LinkedIn profile, and other company articles and information.

33. Defendants have used and continue to use Plaintiff's FLIGHTDOCS Mark, or a confusingly similar version of Plaintiff's FLIGHTDOCS Mark, in association with their own aviation related software application for mobile devices and tablets. Defendants' use of Plaintiff's FLIGHTDOCS Mark is likely to cause, or has caused, confusion, deception, and mistake among the consuming public by taking advantage of Plaintiff's goodwill and

valuable reputation in the FLIGHTDOCS Mark, and erroneously conveying that their goods and services are either manufactured, sponsored, endorsed, affiliated or of the same high quality and standards as those associated with Plaintiff.

34. By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement.

## COUNT I: COMMON LAW TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

35. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-34, as though fully set forth herein.

36. Defendants' actions as described herein constitute direct common law trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125.

37. After the adoption and use by Plaintiff of its FLIGHTDOCS Mark, Defendants have used and continue to use a confusingly similar variation of the FLIGHTDOCS Mark in commerce without Plaintiff's authorization. Defendants' conduct is believed to be willful and with full knowledge of Plaintiff's prior use of and rights to the FLIGHTDOCS Mark, as Defendant Textron is the parent company of SkyBOOKS, a major competitor of FlightDocs in the aviation related software products and support services industry.

38. Defendants' continued and unauthorized use of the FLIGHTDOCS Mark constitutes common law trademark infringement and is misleading and deceptive because the aviation related computer software application goods and support services offered by Defendants are not those of Plaintiff, are not subject to any quality control by Plaintiff as the

trademark owner, and are likely to cause confusion as to sponsorship by and/or affiliation with Plaintiff.

39. Defendants' conduct is likely to cause, and has caused, consumer confusion and demonstrates that the acts of trademark infringement have been committed deliberately, willfully, and with the intent and purpose of misappropriating Plaintiff's goodwill associated with the FLIGHTDOCS Mark.

40. Defendants' conduct constitutes use of false designation of origin, or false representations; wrongfully and falsely designates Defendants' aviation related computer software application products as originating from or otherwise being connected with Plaintiff's aviation related computer software application products; constitutes the utilization of false descriptions or representations in interstate commerce likely to confuse, mislead, or deceive purchasers or potential purchasers; and constitutes infringement of Plaintiff's FLIGHTDOCS Mark, in violation of 15 U.S.C. § 1125(a).

41. Plaintiff has been and will continue to be irreparably harmed by Defendants' unauthorized use of the FLIGHTDOCS Mark, including usurpation of goodwill, confusion of actual and potential customers and business partners, injury to reputation, and diminution in the value of its intellectual property. Unless Defendants are enjoined, Plaintiff will continue to suffer ongoing and irreparable damages.

42. Plaintiff has no adequate remedy at law, and the balance of the equities favors Plaintiff.

### COUNT II: FLORIDA TRADEMARK INFRINGEMENT
### FLORIDA STATUTES § 495.131

43. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-34

and 35-42, as though fully set forth herein.

44. Defendants' acts, as alleged herein, constitute an infringement of Plaintiff's rights in and to its FLIGHTDOCS Mark as set forth in Florida Statutes § 495.131, a violation of Florida's Registration and Protection of Trademarks Act (Fla. Stat. § 495.001 *et seq.*).

45. After the adoption and use by Plaintiff of its FLIGHTDOCS Mark, which was granted Florida state trademark registration (No. T15000001173), Defendants have used and continue to use such mark in commerce without Plaintiff's authorization. Defendants' conduct is willful and with full knowledge of Plaintiff's prior use of and rights to Plaintiff's registered trademark.

46. Defendants' continued and unauthorized use of the FLIGHTDOCS Mark constitutes infringement and is misleading and deceptive, because the aviation related software products and support services offered by Defendants are not those of Plaintiff, and are not subject to any quality control by Plaintiff as the trademark owner.

47. Defendant Textron's ownership of SkyBOOKS, a major competitor of FlightDocs in the aviation related software products and support services industry, demonstrates that Defendants knew of FlightDocs ownership of the FLIGHTDOCS Mark and that the acts of trademark infringement described herein have been committed deliberately, willfully, and with the intent and purpose of misappropriating Plaintiff's goodwill associated with the FLIGHTDOCS Mark.

48. Plaintiff has been and will continue to be irreparably harmed by Defendants' unauthorized use of the registered FLIGHTDOCS Mark, including usurpation of goodwill, confusion of actual and potential customers and business partners, injury to reputation, and

diminution in the value of its intellectual property. Unless Defendants are enjoined, Plaintiff will continue to suffer ongoing and irreparable damages.

49. Plaintiff has no adequate remedy at law, and the balance of the equities favors Plaintiff.

### COUNT III: FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

50. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-34, 35-42, and 43-29, as though fully set forth herein.

51. Defendants' conduct constitutes the unauthorized use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a trademark in connection with the sale, offering for sale, or advertising of goods and services.

52. Defendants' use of Plaintiff's FLIGHTDOCS Mark is likely to cause confusion, mistake, or to deceive, in violation of Plaintiff's common law trademark rights.

53. Defendants' conduct demonstrates that the acts of trademark infringement have been committed deliberately, willfully, and with the intent and purpose of misappropriating Plaintiff's goodwill associated with its FLIGHTDOCS Mark.

54. Plaintiff has been and will continue to be irreparably harmed by Defendants' unauthorized use of the FLIGHTDOCS Mark, including usurpation of goodwill, confusion of actual and potential customers and business partners, injury to reputation, and diminution in the value of its intellectual property. Unless Defendants are enjoined, Plaintiff will continue to suffer ongoing and irreparable damages.

55. Plaintiff has no adequate remedy at law, and the balance of the equities favors Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court enter judgment in favor of Plaintiff and against Defendants on all counts;

(b) That the Court issue a preliminary and permanent injunction on all counts, enjoining and restraining Defendants or their agents, servants, employees, successors, and assigns, or any other persons or entities, acting in concert with or affiliated with Defendants, from using any trademarks or other proprietary marks, symbols, designs, or logos of Plaintiff;

(c) That within five (5) days from the date of such Order, Defendants cease all use of the FLIGHTDOCS Mark in connection with their aviation related computer software application products, and remove all other items used in connection with the operation of its business which contain infringing marks;

(d) That Plaintiff recovers its damages on all counts incurred as a result of Defendants' unauthorized use of the FLIGHTDOCS Mark including, without limitation, the revenues and profits received by Defendants from such illegal conduct, and an enhanced damages award owing to Defendants' continuing and willful infringement;

(e) That Plaintiff recovers its reasonable attorneys' fees and expenses incurred in connection with bringing this action, from Defendants, pursuant to 15 U.S.C. § 1117, and all other applicable law;

(f) That all costs of this action be charged against Defendants and awarded to Plaintiff;

(g) That the Court award Plaintiff prejudgment and post-judgment interest at the maximum rate allowable by law; and

(h) That the Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

HAHN LOESER & PARKS LLP

*/s/ Jeanne L. Seewald*

JEANNE L. SEEWALD
Florida Bar No. 0175005
ALLISON B. CHRISTENSEN
Florida Bar No. 0103515
HAHN LOESER & PARKS LLP
5811 Pelican Bay Blvd., Suite 650
Naples, FL  34108
Telephone:  (239) 254-2900
Facsimile:  (239) 592-7716
E-Mail: jseewald@hahnlaw.com
E-Mail: achristensen@hahnlaw.com

*Trial Counsel for Plaintiff FlightDocs, Inc.*